UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PAULA F. CHARLIE | : | CIVIL ACTION NO. 21-cv-715 |
| VERSUS | : | JUDGE TERRY A. DOUGHTY |
| MOBILE MODULAR MANAGEMENT CORP, ET AL. | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiff Paula F. Charlie ("Charlie"). Doc. 9. The motion is opposed by defendants Mobile Modular Management Corporation and McGrath RentCorp (collectively "Mobile Modular") and Sasol Chemicals (USA) LLC and Sasol Chemical North America LLC ("Sasol"). Docs. 12,13. Plaintiff replied [doc. 14], and the matter is now ripe for consideration.

The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the local rules of court. Doc. 15. For the reasons stated herein, **IT IS RECOMMENDED** that the plaintiff's motion be **DENIED.**

**I.**
**BACKGROUND**

Plaintiff filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, on March 17, 2020. Doc. 1, att. 2. Mobile Modular and Sasol were named as defendants. Plaintiff claims injuries resulting from an incident that occurred April 10, 2019, when a door closed on her hand. She maintains defendant Mobile Modular was responsible for installation and maintenance of the door and Sasol was its custodian.

Mobile Modular removed to this court on March 17, 2021, and Sasol consented. Doc. 1; doc. 1, att. 1. Mobile Modular based its removal on diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441. It alleges removal was proper as the properly joined and served parties are of diverse citizenship from plaintiff and that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* p. 3. It maintains the amount in controversy was evident upon its receipt of medical records and bills from the worker's compensation carrier on March 17, 2021, the day of removal. *Id.* p. 5. Through her Motion to Remand, plaintiff does not suggest that the parties are not diverse and neither does she suggest the amount in controversy is below $75,000.[1]

## II.
### LAW AND ANALYSIS

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of establishing that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Removal is perfected by filing a Notice of Removal in the district court for the district and division within such action is pending, which notice shall contain a short and plain statement of the grounds for removal. 28 U.S.C. §1446(a). Notice is to be filed within 30 days of service of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. §1446(b)(1). The thirty-day period "starts to run from defendant's receipt of the initial pleading

---

[1] While plaintiff does not contend the amount in controversy is less than $75,000, she does argue that the medical records replied upon by the moving parties as their "other paper" establishing jurisdiction "are insufficient proof." Doc. 9, att. 1, p. 2. It is unclear exactly what point plaintiff tries to make here but we do not perceive it to be a claim that the amount in controversy is not met.

only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc*., 969 F.2d 160, 163 (5th Cir. 1992).

The Fifth Circuit has adopted a "bright line rule" such that if a plaintiff wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, then the plaintiff must include in the initial pleading "a specific allegation that damages are in excess of the federal jurisdictional amount." *Id.*; *Mumfrey v. CVS Pharmacy, Inc*., 719 F.3d 392, 400 (5th Cir. 2013). This rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Chapman*, 969 F.2d at 163.

In the event the removability of the complaint is not apparent from its face, then "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3). The amended pleading, motion, order, or other paper must also be "unequivocally clear and certain" to start the time limit running for notice of removal. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). The purpose of this requirement is to "promote[] judicial economy," to "reduce 'protective' removals by defendants," and to "discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts. *Id.*

It is well established that a plaintiff may not state the exact numerical value of his damages in his petition under Louisiana law, but the law does permit plaintiffs to allege "for other purposes," including federal jurisdiction, whether their claim exceeds or is less than the requisite amount. *Bolyer v. Circle H Trucking of Ashley, L.L.C*., No. 18-268, 2018 WL 4868963 at *3, n. 9 (W.D.

La. 5/10/2018) (citing La. Code Civ. Proc. art. 893). Although plaintiff is not required to include such an allegation under state law, "it is clear that under federal jurisprudence the clock begins to run upon the service of the petition only if plaintiff specifically alleged that the damages were in excess of the federal jurisdictional amount." *George v. Wal-Mart Louisiana, L.L.C.*, No. 06-2174, 2007 WL 196902, at *3 (W.D. La. 1/23/2007).

Plaintiff argues that defendants received notice that the matter was removable before receipt of the records.[2] Doc. 9, att. 1, p. 2. She claims that the allegations of her injuries in her complaint "made clear that Plaintiff's claim was not a minimal one." *Id.* p. 4. Therefore, she suggests, defendant should have removed within 30 days of the original complaint. *Id.* pp. 4-5. Plaintiff also draws attention to the Petition in Intervention filed December 11, 2020, and "served on Defendants in January 2021." *Id.* p. 2. The petition alleges intervenor paid compensation benefits in the amount of $18,050.08 and medical payments in the amount of $20,517.90. Doc. 1, att. 8. "Defendants had 30 days from service of the Petition for Intervention to remove this matter and failed to do so." Doc. 9, att. 1, pp. 2-3. And finally, plaintiff maintains that her response to a Request for Admission[3] "reiterated that this was not a minimal damages matter and it exceeded the jurisdictional limit for a trial by jury." *Id.* p. 4. "Defendants failed to remove this matter within 30 days of . . . Plaintiff's Response to Request for Admissions; therefore, any removal at this point is untimely." *Id.* pp. 4-5.

---

[2] Plaintiff argues in passing that removing defendant failed to "prove" it received the medical records on the date set forth in the notice. Doc. 1, att. 1, pp. 1-2. Mobile Modular attaches as Exhibit "A" to its Memorandum in Opposition a copy of the email received from intervenor's counsel, to which email was attached the medical records at issue. Doc. 12, att. 1. Plaintiff does not contest this representation in her reply; therefore, we consider that argument abandoned.

[3] The request for admission asked plaintiff to admit that the amount in controversy did not exceed the sum of $75,000 exclusive of interest and costs. Plaintiff objected to the request as premature but proceeded to respond as quoted. Doc. 1, att. 7.

Mobile Modular[4] maintains that this matter was not removable upon receipt of the original petition as plaintiff's damages were not apparent from its face and we agree. It notes that:

> [a]bsent from the petition is any information concerning the particulars of the injury, whether the injury was permanent or not, type and extent of treatment, whether treatment was ongoing, whether the treatment was completed, or whether plaintiff was hospitalized or required surgery. Similarly, plaintiff did not provide any specific information as to the past or future medical expenses, past or future lost wages, or the pain and suffering endured.

Doc. 12, p. 4. "[U]nder federal jurisprudence the [removal] clock begins to run upon the service of the petition only if plaintiff specifically alleged that the damages were in excess of the federal jurisdictional amount." *George v. Wal-Mart Louisiana, L.L.C.*, No. 06-2174, 2007 WL 196902, at *3 (W.D. La. 1/23/2007). After review of the petition we agree with defendants' claim that it did not specifically allege that damages were in excess of the federal jurisdictional amount and, therefore, service of that petition did not trigger the running of the 30 day period.

In its opposition Mobile Modular does not respond specifically to plaintiff's assertion that her Responses to Request for Admissions[5] transmitted to defendants in June of 2020 triggered the 30 day removal period. Sasol properly notes, however, that the response failed to "give defendants notice of any changed circumstances which now support federal jurisdiction." Doc. 13, pp. 3-4. Review of the response leads us to similarly conclude.

We also fail to see how receipt of the Petition in Intervention would have triggered the running of the 30 day period as well. As Mobile Modular appropriately notes, information provided in that petition is "extremely limited." Doc. 12, p. 2. There is nothing "unequivocally clear and certain" in the intervention that could provide removing defendant with the evidence

---

[4] Sasol adopts and incorporates the arguments of Mobile Modular in its own opposition. Doc. 13, p. 1, fn. 1.

[5] Doc. 9, att. 4.

needed to support a claim that the amount in controversy exceeds the requisite amount. "[T]here is no information regarding pain and suffering endured, hospitalization or required surgery, whether the injury was permanent or not, whether treatment was ongoing, or whether the treatment was completed." *Id.* p. 7.

Both removing defendants maintain that it was the medical records themselves that provided the clear and unequivocal proof required to establish the amount in controversy exceeded $75,000. Mobile Modular says:

> Included in the medical records provided on March 17, 2021, was the February 14, 2020, Operative Report detailing the surgery, including the implantation of the dynamic external fixator and use of anesthetic. This was the defendants first notice of a surgical procedure for plaintiff's alleged injuries. Also included in the March 17, 2021, medical record production was the January 5, 2021, note indicating the K wire removal.

Doc. 12, p. 8. According to Mobile Modular, evidence that surgery involving a hardware implant had been performed places plaintiff's potential general damages, when considering lost wages and medical expenses, well above the $75,000 threshold. We agree with defendants that receipt of this information in March of 2017 made it "unequivocally clear and certain" that the time limit for filing notice of removal had begun. *Bosky,* 288 F.3d at 211.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's Motion to Remand. [doc. 9] be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428–20 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)), *as recognized in Cruz v. Rodriguez*, 828 F. App'x 224, 2020 WL 6478502 (5th Cir. 2020) (unpubl.).

THUS DONE AND SIGNED in Chambers this 15th day of February, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE