## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| **PAULA F. CHARLIE** | **CASE NO.  2:21-CV-00715** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MOBILE MODULAR MANAGEMENT CORP., ET AL.** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 31] filed by Defendants Sasol Chemicals North American, LLC ("SCNA") and Sasol Chemicals (USA) ("SCUSA") (collectively "Defendants") seeking to dismiss all claims made against them by Plaintiff Paula F. Charlie ("Charlie"). Charlie filed an opposition to Defendants' motion [Doc. No. 33].

For the following reasons, Defendants' Motion for Summary Judgment [Doc. No. 31] is **GRANTED**.

### I.    BACKGROUND AND PROCEDURAL HISTORY

On March 17, 2020, Charlie filed suit in the 14th Judicial District Court for negligence against SCNA and SCUSA, as well as against Mobile Modular Management Corporation ("MMM") and McGrath Rent Corporation, Inc. ("McGrath"). The defendants subsequently removed the case to this Court on March 17, 2021. In her petition, Charlie asserts that each defendant is liable for negligence in the installation, maintenance, operation, and control of a Blast Resistant Module that allegedly caused Charlie personal injuries. In her opposition to Defendants' Motion for Summary Judgment, Charlie apparently does not oppose the substance of the motion

or its legal foundation.[1] Instead, Charlie requests that this Court fully address and rule on each of Defendants' arguments in its ruling on the motion.[2]

This suit arises out of an incident that occurred at the site of SCUSA's new chemical complex in Westlake, Louisiana.[3] On April 10, 2019, Charlie was stationed in a Blast Resistant Module located inside Gate #5 on the complex's site.[4] Charlie alleges that, as she exited the module, she placed her hand on the frame of the door, and as she did so, "suddenly and without warning, the 500lb door, which was supposed to have a soft close, abruptly shut on [Charlie's] left hand."[5] As a result, Charlie sustained injuries to her left hand.[6]

Prior to this incident, SCUSA, as operator of the complex, contracted with several companies to complete construction of the Lake Charles Chemical Project ("LCCP") in Westlake, Louisiana.[7] One of these contracts was with TRS Staffing Solutions, Inc. ("TRS"), who provided personnel and services for the project.[8] At the time of the incident, Charlie was a Senior Administrator working for TRS at the site of the new complex.[9]

In their Motion for Summary Judgment, Defendants assert that they are entitled to judgment as a matter of law on two grounds: (1) SCUSA was the statutory employer of Charlie at the time of the incident and thus is immune from suit pursuant to La. R.S. § 23:1061; and (2) SCNA was not the owner or operator of the LCCP in Westlake and thus owed no duty to Charlie.[10]

---

[1] [Doc. No. 33 p.1].
[2] [Id.].
[3] [Doc. No. 31-1 p.2].
[4] [Doc. No. 1-2 ¶4].
[5] [Id.].
[6] [Id. at ¶8].
[7] [Doc. No. 31-1 p.2].
[8] [Id.].
[9] [Id. at p.3].
[10] [Id. at 1–2].

As noted above, Charlie does not expressly oppose these arguments, but requests that the Court make a finding as to each ground asserted by Defendants.[11]

The Court is now prepared to issue a ruling.

## II.     LAW AND ANALYSIS

### A.  Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion."

"If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc*., 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted).; *see also* Fed. R. Civ. P. 56(c)(1).

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248).  However, in evaluating the evidence

---

[11] [Doc. No. 33 p.1].

tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *See Anderson*, 477 U.S. at 255. "A non-conclusory affidavit can create genuine issues of material fact that preclude summary judgment, even if the affidavit is self-serving and uncorroborated." *Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 291 (5th Cir. 2020) (citations omitted).

### B. Analysis

#### 1. SCUSA is entitled to immunity as the statutory employer of Charlie

Under the Louisiana Worker's Compensation Act, an employer is liable for compensation benefits to an employee who is injured as a result of an accident arising out of and in the course of employment. *See* La. R.S. § 23:1031. Generally, the remedy available to an employee under the Worker's Compensation Act is the exclusive remedy against an employer for the injury. *See* La. R.S. § 23:1032. The Act applies to both a direct employer-employee relationship, as well as to a statutory employer-employee relationship. *See Fleming v. JE Merit Constructors, Inc.*, 985 So.2d 141, 145 (La. App. 1 Cir. 3/19/08). "A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer." La. R.S. § 23:1061(2). Thus, a contractor may be the statutory employer of the employee, be responsible to an employee under the Act, and in turn be entitled to statutory immunity from tort suits under the Act. *See id.*

Under Louisiana law, the statutory employer-employee relationship can be achieved via contract. *See Fleming*, 985 So.2d 141 at 145. The doctrine of "statutory employer," as codified, requires that there be "a written contract between the principal and a contractor…which recognizes the principal as a statutory employer." La. R.S. § 23:1061(A)(3). "When the contract recognizes a

statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees." La. R.S. § 23:1061. "This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." *Id.*

A "principal" is any person who "undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof." La. R.S. § 23:1032(A)(2). When a principal contracts to execute any work, which is a part of his trade, business, or occupation, the person with which the principal contracts is considered the "contractor." La. R.S. § 23:1061(A)(1). Here, SCUSA contracted with TRS to provide personnel and services at the LCCP. Thus, for purposes of Sections 1061(A)(1) and 1032(A)(2), SCUSA is the principal, TRS is the contractor, and Charlie was the employee of the contractor when the accident occurred.

Defendants argue that under La. R.S. § 23:1061 and pursuant to the terms of the contract with TRS, SCUSA is Charlie's statutory employer and thus is entitled to immunity from suit in tort.[12] The relevant terms of the contract between SCUSA and TRS are contained in the Purchase Order and Terms and Conditions dated June 30, 2016.[13] The "Statutory Employer" provision of the contract states:

> STATUTORY EMPLOYER - Acceptance of this Agreement by [TRS] constitutes its recognition and agreement that a statutory employer relationship as envisioned by La. R.S. 23:1061(A), as amended by Act 315 of 1997 or any other similar laws, exists between [TRS] and Company with respect to the material or services to be provided under this Purchase Order, as to [TRS's] direct

---

[12] [Doc. No. 31-1].
[13] [Id. at 2].

> employees and its statutory employees; and that the material and services to be performed under this Purchase Order is an integral part of, or essential to, the ability of Company to generate its own goods, products or services.[14]

Defendants assert that, under the contract, SCUSA is the statutory employer of Charlie, and, therefore, SCUSA is immune from suit concerning injuries arising out of and occurring in the course of Charlie's employment. Defendants further argue that no other written contract existed between the parties, and "it is SCUSA's customary practice for the company's standard Purchase Order Terms and Conditions to govern all Purchase Orders entered into with vendors."[15] Charlie does not contest or attempt to rebut the presumption of a statutory employer relationship created by the contract. Thus, under the express terms of the contract, SCUSA is the statutory employer of Charlie.

Notably, the Fifth Circuit has recognized that a Purchase Order, such as the one above, is a "written contact" as envisioned by Section 23:1061(A)(3). *See Morris v. Graphic Packaging Int., L.L.C.*, 829 Fed. Appx. 43, 45 (5th Cir. 2020) (holding that contract need not be signed, but only written, and thus an unsigned purchase order and terms and conditions satisfies the statute's requirement). This Court agrees with Defendants and finds that, pursuant to the contract with TRS, SCUSA is Charlie's statutory employer and is immune from suit concerning injuries arising out of and occurring in the course of her employment. Furthermore, because Charlie's injury occurred while working on SCUSA's complex, this Court finds that the injury occurred during the course and scope of her employment, and that Charlie's work—performing her duties as a Senior Administrator for TRS at the LCCP—is an integral part of SCUSA's ability to generate its goods, products, or services. *See English, v. Apache Corp.*, CIV.A. 10–4419, 2011 WL 3354011 (E.D.

---

[14] [Doc. No. 31, Ex. 1-A at p.5 ¶25].
[15] [Doc. No. 31-1 at p.6].

La. Aug. 2, 2011) (noting that when determining whether an employee's work is integral or essential, "courts refuse to focus on the singular task that the employee was engaged in [at the time of the accident] but rather focus on the totality of the circumstances"). Accordingly, the Motion for Summary Judgment is **GRANTED** as to Charlie's claims against SCUSA.

### 2. SCNA owed no duty to Charlie

Under Louisiana law, "[n]egligence claims are examined using a duty/risk analysis." *Fruge v. ONOB, Inc.*, 32 So.3d 1115, 1118 (La. App. 3 Cir. 3/10/10). Thus, a negligence claim requires the plaintiff to prove each of the following elements: "(1) the defendant's conduct was cause in fact of the plaintiff's injuries; (2) the defendant had a duty to conform conduct to a specific standard; (3) the defendant breached that duty; (4) the defendant's conduct was the legal cause of plaintiff's injuries; and (5) plaintiff sustained actual damages." *Id.* "The threshold issue in any negligence action is whether the defendant owed a duty to the plaintiff." *George v. ABC Insurance, Co.*, No. 2022-CA-0148, 2022 WL 14749102, at \*8 (La. App. 4 Cir. 10/26/22). "Whether the defendant owed the plaintiff a duty is a legal question for the court to decide." *Jones v. Stewart*, 203 So.3d 384, 390 (La. App. 4 Cir. 10/5/16), *writs denied,* 2016-1967, 2016-1962, 2016-1968. "Absent a duty to the plaintiff, there can be no actionable negligence and, hence, no liability." *Id.*

SCNA argues that, because it was not the owner or operator of the LCCP in Westlake where Charlie was injured, it owed no duty to Charlie, and, therefore, it cannot be held liable to Charlie.[16] This Court agrees. Defendants stated that SCUSA, not SCNA, owned and operated the LCCP, and Charlie did not contest this. Thus, it is unclear what the basis for any duty owed from SCNA to Charlie would be. Because the duty element has not been established as to SCNA, SCNA

---

[16] [Doc. No. 31-1].

is entitled to judgment as a matter of law. Therefore, the Motion for Summary Judgment is **GRANTED** as to Charlie's claims against SCNA.

### III. CONCLUSION

For the reasons set forth herein, **IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion for Summary Judgment [Doc. No. 31] is hereby **GRANTED**. All claims against Defendants SCUSA and SCNA are hereby **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 6th day of January, 2023.

_____
Terry A. Doughty
United States District Judge