UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

PAULA F. CHARLIE                                    CASE NO.  2:21-CV-00715

VERSUS                                              JUDGE TERRY A. DOUGHTY

MOBILE MODULAR MANAGEMENT                           MAGISTRATE JUDGE KAY
CORP., ET AL.

<u>**MEMORANDUM RULING**</u>

Pending before the Court is a Motion for Summary Judgment [Doc. No. 41] filed by Defendant McGrath Rent Corporation, Inc. ("McGrath") seeking to dismiss all claims made against it by Plaintiff Paula F. Charlie ("Charlie"). Charlie filed an opposition to McGrath's motion [Doc. No. 46].

For the following reasons, McGrath's Motion for Summary Judgment [Doc. No. 41] is **GRANTED**.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

On March 17, 2020, Charlie filed suit in the 14th Judicial District Court for negligence against Sasol Chemicals, LLC ("Sasol"),[1] Mobile Modular Management Corporation ("MMM"), and McGrath. The defendants subsequently removed the case to this Court on March 17, 2021. In her petition, Charlie asserts that each defendant is liable for negligence in the installation, maintenance, operation, and control of a Blast Resistant Module ("BRM") that allegedly caused Charlie personal injuries. In her opposition to McGrath's Motion for Summary Judgment, Charlie apparently does not oppose the substance of the motion or its legal foundation.[2] Instead, Charlie

---

[1] The claims against Sasol (referred to together as "the Sasol entities," or as "SCNA" and "SCUSA") have since been dismissed as defendants from the suit. *See* [Doc. Nos. 36 and 37].
[2] [Doc. No. 46 at p.1].

requests that this Court fully address and rule on each of McGrath's arguments in its ruling on the motion.[3]

This suit arises out of an incident that occurred at the site of Sasol's new chemical complex in Westlake, Louisiana.[4] On April 10, 2019, Charlie was stationed in a BRM located inside Gate #5 on the complex's site.[5] Charlie alleges that, as she exited the module, she placed her hand on the frame of the door, and as she did so, "suddenly and without warning, the 500lb door, which was supposed to have a soft close, abruptly shut on [Charlie's] left hand."[6] As a result, Charlie sustained injuries to her left hand.[7]

Prior to this incident, MMM entered into a Lease Agreement with Sasol in September of 2018 for the placement of several BRMs at the Westlake complex.[8] McGrath was not a party to the BRM Lease Agreement entered into by Sasol and MMM.[9] McGrath also never owned the BRM that was leased by MMM to Sasol.[10] Further, McGrath states that, as the parent company of MMM, it is an entirely separate legal entity from MMM.[11]

In its Motion for Summary Judgment, McGrath argues that, because it is a wholly separate legal entity from MMM and was not a party to the Lease Agreement, it owed no duty to Charlie.[12] Further, McGrath asserts that no action or inaction by it could be a cause-in-fact of Charlie's alleged damages.[13] Thus, Charlie's negligence claim against McGrath fails as a matter of law.[14]

---

[3] [Id.].
[4] [Doc. No. 31-1 p.2].
[5] [Doc. No. 1-2 ¶4].
[6] [Id.].
[7] [Id. at ¶8].
[8] [Doc. No. 41-3 at p.2].
[9] [Id.].
[10] [Id.].
[11] [Id.].
[12] [Id.].
[13] [Id.].
[14] [Id.].

As noted above, Charlie does not expressly oppose these arguments, but requests that the Court make a finding as to each ground asserted by McGrath—namely, (1) that there was no duty owed from McGrath to Charlie, and (2) no action or inaction by McGrath was a cause-in-fact of Charlie's damages.[15]

The Court is now prepared to issue a ruling.

## II.    LAW AND ANALYSIS

### A.  Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion."

"If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc*., 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted).; *see also* Fed. R. Civ. P. 56(c)(1).

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

---

[15] [Doc. No. 46 at p.1].

"[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248).  However, in evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *See Anderson*, 477 U.S. at 255. "A non-conclusory affidavit can create genuine issues of material fact that preclude summary judgment, even if the affidavit is self-serving and uncorroborated."  *Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 291 (5th Cir. 2020) (citations omitted).

## B.  Analysis

In its Motion for Summary Judgment, McGrath first argues that it owed no duty to Charlie that would result in liability on McGrath's behalf.[16] McGrath points out that it never had a contract with Sasol for the BRM, never owned the subject BRM, and never had an obligation to perform maintenance on the BRM.[17] Thus, McGrath asserts that there is simply no basis for liability against it arising out of the BRM or its use.[18]

Under Louisiana law, "[n]egligence claims are examined using a duty/risk analysis." *Fruge v. ONOB, Inc.*, 32 So.3d 1115, 1118 (La. App. 3 Cir. 3/10/10). Thus, a negligence claim requires the plaintiff to prove each of the following elements: "(1) the defendant's conduct was cause in fact of the plaintiff's injuries; (2) the defendant had a duty to conform conduct to a specific standard; (3) the defendant breached that duty; (4) the defendant's conduct was the legal cause of plaintiff's injuries; and (5) plaintiff sustained actual damages." *Id.* "The threshold issue in any negligence action is whether the defendant owed a duty to the plaintiff." *George v. ABC Insurance,*

---

[16] [Doc No. 41-3 at p.4].
[17] [Id.].
[18] [Id.].

*Co.*, No. 2022-CA-0148, 2022 WL 14749102, at *8 (La. App. 4 Cir. 10/26/22). "Whether the defendant owed the plaintiff a duty is a legal question for the court to decide." *Jones v. Stewart*, 203 So.3d 384, 390 (La. App. 4 Cir. 10/5/16), *writs denied*, 2016-1967, 2016-1962, 2016-1968. "Absent a duty to the plaintiff, there can be no actionable negligence and, hence, no liability." *Id.*

This Court agrees with McGrath that, as a wholly separate entity from MMM that was not a party to the BRM Lease Agreement, McGrath did not owe a duty to Charlie. It is unclear what the basis for any duty owed from McGrath to Charlie would be. Because Charlie has not established the duty element as to McGrath, McGrath is entitled to judgment as a matter of law. Therefore, the Motion for Summary Judgment is **GRANTED** as to Charlie's claims against McGrath.

Even if Charlie could establish a duty owed by McGrath, this Court agrees with McGrath that Charlie cannot establish the causation element of a Louisiana negligence claim. *See Fruge*, 32 So.3d at 1118. Generally, "[a] party's conduct is a cause-in-fact of the harm if it was a substantial factor in bringing about the harm." *Toston v. Pardon*, 874 So.2d 791, 799 (La. 4/23/04). "The act is a cause-in-fact in bringing about the injury when the harm would not have occurred without it." *Id.* "While a party's conduct does not have to be the sole cause of the harm, it is a necessary antecedent essential to an assessment of liability." *Id.*

Here, Charlie has not alleged any action or inaction by McGrath specifically that could be a substantial factor in bringing about Charlie's injury. In fact, it appears that McGrath had nothing to do with the BRM, its lease, or its subsequent operation. Further, Charlie did not contest McGrath's argument in this motion that no action was taken by McGrath that could be tied to the resulting injury.[19] Because the cause-in-fact element has not been established as to McGrath,

---

[19] *See* [Doc. No. 46].

McGrath is entitled to judgment as a matter of law. Therefore, the Motion for Summary Judgment is **GRANTED** as to Charlie's claims against McGrath.

## III.    CONCLUSION

For the reasons set forth herein, **IT IS ORDERED, ADJUDGED, AND DECREED** that McGrath's Motion for Summary Judgment [Doc. No. 41] is hereby **GRANTED**. All claims against McGrath are hereby **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 13th day of April, 2023.

_____
Terry A. Doughty
United States District Judge